IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID DEEB,                              )         CASE NO. 3:16-cv-02632
                                         )
                 Petitioner,             )         JUDGE SOLOMON OLIVER, JR.
                                         )
        v.                               )         MAGISTRATE JUDGE
                                         )         KATHLEEN B. BURKE
KEVIN JONES,                             )
                                         )         **REPORT & RECOMMENDATION**
                 Respondent.             )
                                         )

Petitioner David Deeb ("Petitioner" or "Deeb"), through counsel, filed this habeas corpus

action pursuant to 28 U.S.C. § 2254 ("Petition").  Doc. 1.  Deeb challenges the constitutionality

of the sentences imposed in *State of Ohio v. Deeb*, Case No. 2011-CR-228 (Erie County).  Doc.

1.

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule

72.2.  On February 9, 2018, Respondent filed a Motion to Dismiss, arguing that Deeb's grounds

for relief all challenge the imposition of consecutive sentences and such claims are not

cognizable on federal habeas review.  Doc. 9.  On March 2, 2018, Deeb filed a Brief in

Opposition to Motion to Dismiss.  Doc. 10.

On March 5, 2018, Respondent filed an Objection to Petitioner's Traverse, arguing that

Deeb's Opposition to the Motion to Dismiss is akin to a Traverse, with "elaborate citation to the

record and caselaw," and it is not clear whether Deeb is contesting Respondent's argument that

the Petition should be dismissed because the claims raised therein relate to consecutive sentences

and such claims are not cognizable on federal habeas review.  Doc. 11.  Respondent suggests that

1

the Court consider an order directing Deeb to file an amended petition with argument as to each of his claims or a statement of additional grounds so Respondent can determine "just what is in issue and respond appropriately."  Doc. 11, p. 3.  Alternatively, Respondent contends that the Court should disregard Deeb's opposition.  Doc. 11, p. 3.

Deeb's petition sets forth three grounds for relief, with supporting facts.  Doc. 1, pp. 5-9.[1] Deeb has not sought leave to amend or supplement his Petition.  He does indicate, in his opposition to Respondent's motion to dismiss, that his claims pertain to the imposition of consecutive sentences based on alleged unconstitutional factfinding.   Deeb states "While that issue [challenging the consecutive sentence] alone, may not present a federal constitutional issue in the context of this case a constitutional issue is presented to the court engaging in unconstitutional factfinding when petitioner did not so agree to the facts when he entered a plea in this case."  Doc. 10, p. 1.

In light of the foregoing, the undersigned finds no basis to order Deeb to file an amended petition or a statement of additional grounds and no basis upon which to disregard Deeb's opposition.  Respondent's Objection to Petitioner's Traverse is therefore **OVERRULED**.

For the reasons set forth below, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 9) and **DISMISS** Deeb's Petition (Doc. 1) because it presents claims that are not cognizable on federal habeas review.

## I.      Summary of Procedural Background[2]

In 2012, Deeb pleaded guilty to one count of rape of a minor and two counts of importuning.  Doc. 9-2, pp. 41-46, 154-155.  The trial court sentenced Deeb to a total prison term

---

[1] The form petition used by Deeb in this case indicates that, when setting forth supporting facts, a petitioner should "not argue or cite law.  Just state the specific facts that support your claim."  *See e.g.*, Doc. 1, p. 5.

[2] A more detailed statement of the procedural background is set forth below.

of 10 years and found Deeb to be a Tier III and Tier I sexual offender subject to lifetime registration. Doc. 9-2, pp. 41-42, 154. The sentence consisted of 6 years imprisonment on the rape count and 2 years imprisonment on each of the two importuning counts. Doc. 9-2, pp. 43-44, 159. The trial court ordered the sentences served consecutively. Doc. 9-1, pp. 44, 159. On appeal, on November 22, 2013, the Sixth District Court of Appeals found that, because Deeb had not consented to imposition of consecutive sentences, the trial court was required to make the requisite statutory findings. Doc. 9-2, p. 159. Since the trial court had not made those requisite findings, the court of appeals reversed the portion of the trial court's judgment imposing consecutive sentences and remanded the case "only to the extent necessary to consider whether consecutive sentences [were] appropriate under R.C. 2929.14(C), and, if so, to make the proper findings on the record." Doc. 9-2, p. 165, ¶ 25.

The trial court conducted a resentencing hearing on July 25, 2014. Doc. 9-3, pp. 28-30, Doc. 9-5. The trial court concluded that consecutive sentences were appropriate and stated its findings under R.C. 2929.14(C)(4) and reasons for those findings on the record and in the judgment ordering that the sentences on the rape and importuning convictions be served consecutively for a total prison term of 10 years. Doc. 9-3, pp. 28-30, 136; Doc. 9-5, 90-103. On appeal, on June 19, 2015, the Sixth District Court of Appeals affirmed the trial court's judgment. Doc. 9-3, pp. 135-149. Subsequently, on December 16, 2015, the Supreme Court of Ohio declined jurisdiction over Deeb's appeal. Doc. 9-3, p. 208. This federal habeas action was filed on October 28, 2016. Doc. 1.

## II.     Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual determinations are presumed correct. 28 U.S.C. §

2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009).  The Sixth District Court of Appeals' 2013 decision contains a brief statement of the pertinent facts underlying Deeb's conviction.  As indicated by the court of appeals:

> {¶ 1} Defendant-appellant, David M. Deeb, appeals the August 8, 2012 judgment of the Erie County Court of Common Pleas which, following guilty pleas to one count of rape and two counts of importuning, was sentenced to a total imprisonment term of ten years and found to be a Tier III and Tier I sexual offender requiring lifetime registration.

> {¶ 2} The relevant facts are as follows.  On July 25, 2011, a ten count indictment was filed charging appellant with five counts of rape of a minor, first degree felonies, and five counts of importuning, third degree felonies.  The charges related to the same minor victim and spanned from June 2010 through January 2011.  On July 25, 2011, appellant entered not guilty pleas to the charges.

Doc. 9-2, pp. 154-155, ¶¶ 1-2.

The Sixth District Court of Appeals' 2015 decision includes additional facts underlying Deeb's conviction.  For instance, in its decision, the court of appeals stated:

> {¶ 32} We have reviewed the record, including the PSI report and associated police reports and the transcript of the resentencing hearing.  Appellant was age 21[3] when he committed the offenses in this case.  The victim was age 12.  He stands convicted of raping a person under 13 years of age and of two counts of soliciting the girl to engage in sexual activity knowing the victim was less that 13 years of age or was reckless in that regard, importuning.  Those offenses were committed in June and December 2010.

> {¶ 33} The record discloses that appellant's relationship with the victim was discovered by the victim's mother who confronted appellant and attempted to terminate any further contact between appellant and the victim.  The record also demonstrates that despite the mother's efforts, appellant maintained contact with the child surreptitiously for months, into May 2011, when criminal proceedings were filed.

> {¶ 34} The trial court considered risks to the victim and other young girls presented by appellant's conduct and appellant's refusal to terminate the relationship.  In considering the harm to the victim, the court considered a report included in the PSI

---

[3] At the resentencing hearing, Deeb's counsel argued that Deeb's mental age did not correspond to his chronological age.  Doc. 9-5, pp. 104-105.

report indicating that the victim made multiple cuts to her left wrist with a knife, threatening to kill herself, in an argument with her mother in March 2011. The argument was over the mother's efforts to prevent any contact between the victim and appellant.

Doc. 9-3, p. 146, ¶¶ 32-34.

### III.     Procedural Background

**A.  State conviction**

On July 15, 2011, the Erie County Grand Jury indicted Deeb, an individual 18 years or older, on 10 counts. Doc. 9-2, pp. 1-10. Deeb was indicted on 5 counts of rape of a minor less than 13 years of age (Counts 1, 2, 5, 6, and 9) (first degree felonies) and 5 counts of importuning (Counts 3, 4, 7, 8 and 10) (third degree felonies). Doc. 9-2, pp. 1-4. A bill of particulars was filed on August 1, 2011. Doc. 9-2, pp. 5-10. On July 25, 2011, Deeb was arraigned and entered a not guilty plea. Doc. 9-2, p. 11.

On May 21, 2012, Deeb pleaded guilty to one count of rape (Count 1) and two counts of importuning (Counts 3 and 7). Doc. 9-2, pp. 12-14. The remaining counts were dismissed. Doc. 9-2, pp. 12-14. The plea agreement reflected that the victim was in agreement with the plea and sentencing. Doc. 9-2, p. 12. The plea agreement included an "Agreed '*Recommended*' Sentence[,]" wherein Deeb agreed to a 10 year prison term, with 3 years mandatory; the victim retained the right to speak at sentencing; Count 1 was non-probationable; Count 1 was a Tier III sex offender; and Counts 3 and 7 were Tier I sex offender. Doc. 9-2, p. 14. There was also an agreement regarding forfeiture of certain items, including a computer. Doc. 9-2, p. 14. The trial court accepted Deeb's guilty plea and found him guilty of the offenses to which Deeb entered guilty pleas. Doc. 9-2, p. 14. Deeb was referred for a pre-sentence investigation, his bond was continued and his sentencing was scheduled for July 26, 2012. Doc. 9-2, p. 14.

On June 1, 2012, Deeb filed a motion to withdraw plea.  Doc. 9-2, pp. 15-17.  In that motion, Deeb argued that "the plea was entered in large part by being advised by the State that the complaining witness and her mother wanted the Defendant to serve at least 10 years in prison[]" but defense counsel subsequently "learned from the civil attorney representing the complaining witness and her mother that they [did] not want the defendant serving such an onerous term in prison and that they [had] advised the State of the same[.]"  Doc. 9-2, pp. 15-16.  On June 6, 2012, the State opposed the motion to withdraw.  Doc. 9-2, pp. 18-39.  Thereafter, on July 9, 2012, during a hearing scheduled to address the motion to withdraw, Deeb, through counsel, orally moved to withdraw the previously filed motion to withdraw.  Doc. 9-2, p. 40.  The trial court granted the motion and ordered Deeb's motion to withdraw plea withdrawn.  Doc. 9-2, p. 40.  As indicated above, on July 26, 2012,[4] the trial court sentenced Deeb to 6 years imprisonment on the rape count and 2 years imprisonment on each of the two importuning counts.  Doc. 9-2, pp. 43-44, 159.  The trial court ordered that the sentences be served consecutively for a total prison term of 10 years and the trial court found Deeb to be a Tier III and Tier I sexual offender subject to lifetime registration.  Doc. 9-2, pp. 41-42, 43-44, 154, 159.

**B.  Direct appeal**

On August 23, 2012, Deeb, through counsel, appealed to the Sixth District Court of Appeals.  Doc. 9-2, pp. 51-58.  In his appellate brief filed on November 5, 2012 (Doc. 9-2, pp. 59-113), Deeb raised the following seven assignments of error:

1. Defendant was denied due process of law when the court imposed a consecutive sentence which was unauthorized by law.

---

[4] The sentencing judgment entry was docketed on August 7, 2012.  Doc. 9-2, p. 41.  A nunc pro tunc judgment entry was subsequently docketed on September 18, 2012 (Doc. 9-2, pp. 47-50) to correct a typographical error in the August 7, 2012, judgment entry, i.e., to reflect that the offense of Rape carried "a mandatory sentence" (Doc. 9-2, p. 47).

2. Defendant was denied due process of law when the court misadvised of the penalty for a first degree felony.

3. Defendant was denied due process of law when the court accepted a plea from defendant without determining that he understood the nature of the offenses.

4. Defendant was denied due process of law when the court did not fully and personally inform the defendant concerning the maximum penalty which included lifetime sexual registration.

5. Defendant was denied due process of law when the court imposed more than a minimum sentence.

6. Defendant was denied due process of law when the court imposed consecutive sentences without making appropriate statutory findings.

7. Defendant was denied due process of law when the court arbitrarily determined that the offenses were not allied offenses of a similar nature.

Doc. 9-2, p. 64.  The State filed its brief on March 6, 2013.  Doc. 9-2, pp. 114-153.  On November 22, 2013, the Sixth District Court of Appeals affirmed in part and reversed in part the judgment of the trial court.  Doc. 9-2, pp. 154-165.  The court of appeals reversed "the portion of the trial court's judgment imposing consecutive sentences and . . . remand[ed] the matter to the trial court only to the extent necessary to consider whether consecutive sentences are appropriate under R.C. 2929.14(C), and, if so, to make the proper findings on the record."  Doc. 9-2, p. 165. The court of appeals affirmed the remainder of the trial court's judgment.  Doc. 9-2, p. 165.

On November 27, 2013, Deeb filed an application for reconsideration, requesting that the Sixth District Court of Appeals reconsider portions of its November 22, 2013, decision and judgment.  Doc. 9-2, pp. 166-169.  Deeb sought reconsideration of the court of appeals' decision regarding his second assignment of error which pertained to alleged misinformation as to the penalty for a first degree felony.  Doc. 9-2, pp. 166-169.  Also, on November 27, 2013, Deeb filed with the Sixth District Court of Appeals a motion for certification of conflict.  Doc. 9-2, pp. 170-172.  Deeb requested that the court of appeals certify the cause to the Supreme Court of

Ohio because the Sixth District Court of Appeals' decision pertaining to alleged misinformation as to the penalties conflicted with decisions from other state courts of appeal.  Doc. 9-2, pp. 170-172.  On December 2, 2013, the State responded to Deeb's application for reconsideration (Doc. 9-2, pp. 173-176) and, on December 2, 2013, the State responded to Deeb's motion for certification of conflict (Doc. 9-2, pp. 177-180).  On December 18, 2013, the Sixth District Court of Appeals denied Deeb's motions.  Doc. 9-2, pp. 181-184.

On January 22, 2014, Deeb filed a notice of appeal with the Supreme Court of Ohio from the November 22, 2013, and December 18, 2013, court of appeals' decisions.  Doc. 9-2, pp. 185-186.  In his memorandum in support of jurisdiction (Doc. 9-2, pp. 187-221), Deeb presented the following six propositions of law:

1. A defendant has been denied due process of law when the court imposed a consecutive sentence which sentence was not authorized by law.

2. A defendant has been denied due process of law when the court misadvises a defendant of the applicable penalty for a first degree felony.

3. A defendant has been denied due process of law when the court accepts a plea from a defendant without determining that defendant understands the nature of the offenses.

4. A defendant has been denied due process of law when the court does not fully and personally inform a defendant concerning the maximum penalty which accompanies a lifetime sexual registration.

5. A defendant has been denied due process of law when a court imposes more than a minimum sentence on a defendant who was a first offender and exhibits substantial mental deficiencies.

6. A defendant has been denied due process of law and subjected to unconstitutional multiple punishments where a proper analysis is not made by the court as to whether the offenses were allied offenses of a similar nature.

Doc. 9-2, p. 188.  On January 28, 2014, the State filed a notice of cross-appeal.  Doc. 9-2, pp. 222-235.  In its combined memorandum in opposition to Deeb's memorandum in support of

8

jurisdiction and in support of jurisdiction for cross-appeal (Doc. 9-3, pp. 1-26), the State raised the following two assignments of error:

1. A trial court is not r[e]quired to make the statutory findings when imposing consecutive sentences in order to meet the agreed upon term of imprisonment pursuant to a negotiated plea and sentencing agreement.

2. A defendant is not required to separately agree to the imposition of consecutive sentences as part of an agreed upon sentence.

Doc. 9-3, p. 2.  On May 14, 2014, the Supreme Court of Ohio declined to accept jurisdiction of the appeal and cross-appeal.  Doc. 9-3, p. 27.

## C.  Resentencing and subsequent appeal

The trial court conducted a resentencing hearing on July 25, 2014.  Doc. 9-3, pp. 28-30, Doc. 9-5.  The resentencing judgment entry was docketed on August 27, 2014.  Doc. 9-3, pp. 28-36.  The trial court concluded that consecutive sentences were appropriate and stated its findings under R.C. 2929.14(C)(4) and reasons for those findings on the record and in the judgment ordering that the sentences on the rape and importuning convictions be served consecutively for a total prison term of 10 years.  Doc. 9-3, pp. 28-30, 136; Doc. 9-5, 90-103.

On September 9, 2014, Deeb filed a notice of appeal with the Sixth District Court of Appeals.  Doc. 9-3, pp. 46-54.  On October 6, 2014, Deeb filed his appellate brief (Doc. 9-3, pp. 55-106) wherein he raised the following four assignments of error:

1. Defendant was denied due process of law and his rights under the Sixth Amendment when the court based its sentencing on judicial factfinding, none of which were alleged in the indictment nor as a part of the plea in this case.

2. Defendant was denied due process of law when the court imposed a consecutive sentence which apparently was unauthorized by law and contrary to the presumption of a concurrent sentence.

3. Defendant was denied due process of law when the court imposed a consecutive sentence without considering the current condition of defendant.

> 4. Defendant was denied due process of law when he was sentenced to a consecutive sentence which, at the time of sentencing was unauthorized by law.

Doc. 9-3, p. 56.  On October 17, 2014, the State filed its appellate brief.  Doc. 9-3, pp. 107-134.

On June 19, 2015, the Sixth District Court of Appeals affirmed the trial court's judgment.  Doc. 9-3, pp. 135-149.

On July 27, 2015, Deeb filed an appeal from the court of appeals' June 19, 2015, decision.  Doc. 9-3, pp. 150-151.  In his memorandum in support of jurisdiction (Doc. 9-3, pp. 152-184), Deeb presented the following propositions of law:

> 1. A defendant has been denied due process of law when a court on subsequent appeal after resentencing fails to follow its pronouncement from the first appeal.
>
> 2. A defendant has been denied his rights under the Sixth Amendment when the court bases a resentencing on judicial factfinding, none of which were alleged in the indictment nor admitted as part of a plea in this case.
>
> 3. A defendant has been denied due process of law when the court imposes a consecutive sentence at a resentencing without considering the current condition of a defendant.

Doc. 9-3, p. 153.  On August 13, 2015, the State filed its memorandum in opposition.[5]  Doc. 9-3, pp. 185-205.  On December 16, 2015, the Supreme Court of Ohio declined to accept jurisdiction of the appeal.  Doc. 9-3, p. 208.

## D.  Motion to withdraw guilty plea

While his appeal regarding the resentencing was pending, on January 13, 2015, Deeb filed a motion to withdraw plea of guilty.  Doc. 9-3, pp. 209-224.  He argued that there had "been a manifest injustice in connection with [his] case.  Defendant states that he did not have a full comprehension of the event, and had very little contact with the attorney who was representing him at the time."  Doc. 9-3, p. 209.  He asserted that he had various learning disabilities and his

---

[5] On November 25, 2015, the State filed additional authority in support of its memorandum in opposition to jurisdiction.  Doc. 9-3, pp. 206-207.

ability to understand legal documents and other matters was compromised because of his mental disorders. Doc. 9-3, p. 209. He contended that he did not make a knowing, intelligent, and voluntary guilty plea and requested that his plea be withdrawn. Doc. 9-3, p. 210. Deeb supported his motion with a medical evaluation from a Dr. Bob Stinson and an affidavit from Deeb. Doc. 9-3, pp. 210, 215-224. On January 23, 2015, the State filed a response to Deeb's motion to withdraw guilty plea. Doc. 9-3, pp. 225-237. Deeb filed a reply on January 29, 2015. Doc. 9-3, pp. 238-241. On February 6, 2015, the trial court denied the motion to withdraw guilty plea. Doc. 9-3, pp. 242-243.

**E.  Federal habeas corpus**

On October 28, 2016, Deeb filed his federal habeas petition. Doc. 1. In his Petition, he asserts the following three grounds for relief:

> **GROUND ONE**: Fourteenth Amendment – Due Process of Law
>
> **Supporting Facts**: Petition[er] was denied due process of law when the trial court and the court of appeals failed to follow its own pronouncement from the first appeal concerning the imposition of consecutive sentences
>
> **GROUND TWO**: Sixth and Fourteenth Amendment
>
> **Supporting Facts**: Petitioner was denied his rights under the Sixth Amendment when the trial court based its re-sentencing on judicial factfinding none of which were alleged in the indictment nor admitted as part of any plea in the case
>
> **GROUND THREE**: Fourteenth Amendment
>
> **Supporting Facts**: Petitioner was denied due process of law when a court, in imposing a consecutive sentence in a re-sentencing order by an appellate court, failed and refused to consider the current condition of petitioner

Doc. 1, pp. 5-8.

## IV.    Law and Analysis

**A.  Standard of review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).  In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The petitioner carries the burden of proof.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

## B.  Cognizability

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a).  Thus, "federal habeas relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990)); *see also Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").  "The federal habeas court does not act as an additional appellate court to review a state court's interpretation of its own law or procedure." *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987) (whether or not the juvenile court complied with Ohio's

procedural requirements was not a matter for the federal court to decide on a petition for federal habeas relief).

## C.  Deeb's grounds for relief should be dismissed

In his three grounds for relief, Deeb challenges the trial court's imposition of consecutive sentences.  He argues that he was improperly sentenced to consecutive sentences for three reasons: there is a presumption in Ohio that sentences are to run concurrent; that the trial court engaged in improper judicial factfinding; and the trial court did not consider his current condition when resentencing him.  Doc. 1, pp. 5-8, Doc. 10, pp. 9-20.

Deeb's petition should be dismissed because a challenge to consecutive sentences does not implicate federal constitutional concerns.   The Supreme Court, in *Oregon v. Ice*, 555 U.S. 160 (2009), considered the scope of the 6th Amendment's jury trial guarantee as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004) and concluded that a trial court's imposition of consecutive sentences does not implicate federal constitutional concerns.  *See Oregon v. Ice*, 555 U.S. 160, 171 (2009); *see also Wilkins v. Warden, Chillicothe Correctional Inst.*, 2010 WL 5795505, * 19 (S.D. Ohio Sept. 2, 2010), *report and recommendation adopted*, 2011 WL 549916, * 3 (S.D. Ohio Feb. 8, 2011) (indicating that "the Supreme Court has made it clear that consecutive sentences may be imposed without implicating any concerns under the Sixth Amendment.") (citing *Ice*, 555 U.S. 160); *see also Sneed v. Donahue*, 993 F.2d 1239, 1244 (6th Cir. 1993) (concluding that a petitioner's challenge to the aggregation of several sentences involved a matter of state law and was not cognizable in the federal habeas proceeding).  Moreover, challenges to a state court's interpretation and application of state sentencing laws generally are not cognizable in federal habeas corpus proceedings.  *See e.g., Garrett v. Miller*, 2012 WL 3989022, *3-4 (N.D. Ohio Aug. 13, 2012),

14

*report and recommendation adopted*, 2012 WL 3989004 (N.D. Ohio Sept. 11, 2012) ("A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.") (citing *Howard v. White,* 2003 WL 22146139, at *2 (6th Cir. Sept.16, 2003)*; Kipen v. Renico,* 2003 WL 21130033 (6th Cir. May 14, 2003)*; Terry v. Trippett,* 62 F.3d 1418, 1995 WL 469424, at *1 (6th Cir.1995) (TABLE, text in WESTLAW) (citing *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988) (per curiam))*.*

In his opposition brief, Deeb appears to agree that a challenge to consecutive sentences, alone, is not cognizable but he contends that there is a federal constitutional issue presented because the court engaged "in unconstitutional factfinding when the petitioner did not so agree to the facts when he entered the plea in this case." Doc. 10, p. 1.  In arguing that the trial court engaged in unconstitutional factfinding, Deeb relies on *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Doc. 10, p. 17.  However, Deeb fails to show that the Supreme Court's later decision in *Ice* does not bar his claim.  In *Ice*, the Supreme Court considered Oregon's sentencing statutes relating to the imposition of consecutive sentences.  *Ice*, 555 U.S. at 164.  Similar to Ohio's sentencing statutes, Oregon's sentencing structure required judges to find certain facts prior to imposing a consecutive sentence.  *Id.*  The Supreme Court found that, notwithstanding the decisions in *Apprendi* and *Blakely*, the Sixth Amendment does not preclude such a sentencing structure.  *Id.*  In accordance with the *Ice* decision, when considering Deeb's challenge to the judicial factfinding in his case, the Sixth District Court of Appeals recognized the constitutionality of statutes that require judges in a jury trial to make certain factual findings prior to imposing consecutive sentences.  Doc. 9-3, p. 138, ¶ 7 (citing *Ice*, 555 U.S. 160).  Whether Deeb frames his argument as a challenge to the imposition

15

of consecutive sentences or as a challenge to judicial factfinding, in light of the foregoing, Deeb

has failed to demonstrate that his claim is a cognizable on federal habeas review.

Additionally, Deeb's claim that he is entitled to federal habeas relief because the trial

court improperly relied on facts not alleged in the indictment nor admitted by him at his plea

hearing and/or did not consider his current condition fails.

To the extent that Deeb claims that the trial court erred under state law, "federal habeas

relief does not lie for errors of state law." *Estelle*, 502 U.S. at 67-68.  Further, Deeb's reliance

on *Fiore v. White*, 531 U.S. 225, 228-229 (2001), to argue that imposition of consecutive

sentences in his case amounted to an unconstitutional denial of due process because the court did

not follow the statutory law in Ohio is misplaced.  Doc. 10, p. 16.  *Fiore* concerned the failure of

the state to present any evidence to prove an element of a crime of which the defendant was

convicted.  *Fiore*, 531 U.S. at 229.  In this case, Deeb pleaded guilty to the charges for which he

was sentenced.  Thus, he cannot claim that the state failed to demonstrate every element of the

offenses charged.

Moreover, even if his claim was cognizable on federal habeas review, Deeb cannot

demonstrate a denial of due process with respect to the trial court's imposition of consecutive

sentences.   As the resentencing transcript makes clear, the trial court's factfinding was based on

matters presented to the court, which included the pre-sentence report and investigation, police

reports, and a statement from the victim.  Doc. 9-5, pp. 40-41, 87, 95, 102, 106-107.  The trial

court also observed that defense counsel had those materials, had an opportunity to speak

regarding those matters, and could have challenged them.  Doc. 9-5, pp. 102, 106.  Considering

the matters submitted to it, the trial court made findings as required by O.R.C. 2929.14(C) and as

mandated by the Ohio court of appeals.  Doc. 9-3, pp. 28-30, Doc. 9-5, pp. 90-104.  Following

the resentencing, the court of appeals considered Deeb's claim that the trial court improperly relied on facts not included in the indictment or admitted at the plea hearing and found that Deeb requested a PSI (pre-sentence report), a PSI was prepared and included police investigative summaries regarding the victim and her relationship with Deeb, and defendant was provided with that documentation.  Doc. 9-3, p. 139, ¶ 11.  Further, the court of appeals found that the Ohio evidence rules "do not apply to miscellaneous criminal proceedings including sentencing" and "Ohio appellate courts have recognized that a trial court does not err by relying on a presentence investigative report in sentencing a defendant."  Doc. 9-3, pp. 140-141, ¶ 13.  This federal habeas court is bound by the state court's interpretation of state law.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ([A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.") (citing *Estelle*, 502 U.S. at 67-68, *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975)).  Considering the foregoing, Deeb is unable to demonstrate that the trial court did not fail to follow Ohio statutory law.  Thus, even if he had presented a cognizable federal habeas claim, his claim that he was denied due process of law because the trial court failed to follow Ohio statutory law would fail.

Deeb also argues that the trial court abused its discretion and that his consecutive sentences were grossly disproportionate to his offense and therefore violated the Eighth Amendment's prohibition of cruel and unusual punishment.  Doc. 10, pp. 16-17.  Deeb did not raise these arguments in his Petition as bases upon which federal habeas relief is warranted, and therefore, these arguments should not be considered.  Even if properly raised, his claim that the trial court abused its discretion or that his prison sentence of 10 years is cruel and unusual punishment is belied by the fact that, as part of his plea, he agreed to the prison term he received,

i.e., 10 year prison term, with 3 years mandatory. Doc. 9-2, p. 14, Doc. 9-3, p. 30. Also, Deeb's abuse of discretion argument is premised upon a Supreme Court case addressing Rule 11 sanctions, not sentencing issues or a habeas corpus action. *See* Doc. 10, p. 16 (citing *Coates & Bell v. Hartnarx Corp.*, 496 U.S. 384, 405 (1990)). Additionally, Deeb has not shown that his sentence exceeded the maximum set by statute or that there was an extreme disparity between his sentence and the crime. Thus, he is unable to demonstrate that the state's interpretation of and imposition of its sentencing statutes resulted in cruel and unusual punishment in violation of federal constitutional law. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("A sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)); *see also United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000) ("only an extreme disparity between crime and sentence offends the Eighth Amendment").

## V.     Conclusion and Recommendation

For the reasons stated herein, the undersigned recommends that the Court **GRANT**

Respondent's Motion to Dismiss (Doc. 9) and **DISMISS** Deeb's Petition (Doc. 1) because the

Petition presents claims that are not cognizable on federal habeas review.

Dated: June 13, 2018                         Kathleen B. Burke
                                             United States Magistrate Judge


## <u>OBJECTIONS</u>

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).