UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID DEEB, | ) | Case No.: 3:16 CV 2632 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| KEVIN JAMES, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

## I. INTRODUCTION

Currently pending before the court in the above-captioned case is the Report and Recommendation ("R & R") (ECF No. 12) of Magistrate Judge Kathleen B. Burke ("Magistrate Judge" or "Judge Burke'), filed pursuant to Local Rule 72.2, recommending that the court grant Respondent Kevin James's ("Respondent") Motion to Dismiss (ECF No. 9) Petitioner David Deeb's ("Petitioner" or "Deeb") Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 1.) Also pending is Deeb's Motion for Leave to Amend and Supplement Petition for Habeas Corpus Relief and to Expand the Record to Include Relevant Documents (ECF No. 14), filed subsequent to the R & R. For the following reasons, Deeb's Motion for Leave to Amend and Supplement the Petition and to Expand the Record is denied. The court hereby adopts Magistrate Judge Burke's R & R in its entirety, and grants Respondent's Motion to Dismiss the Petition. Accordingly, Deeb's Petition is hereby dismissed.

## II. BACKGROUND[1]

On October 28, 2016, Deeb filed the Petition, pursuant to 28 U.S.C. § 2254, challenging the sentence imposed by the state trial court following Deeb's guilty plea on one count of rape and two counts of importuning pursuant to a plea agreement in *State of Ohio v. Deeb*, Case No. 2011-CR-228. (Pet., ECF No. 1). Deeb was sentenced to six (6) years for the count of rape, and two (2) years each for the two (2) counts of importuning, all to be served consecutively, for a total prison term of ten (10) years. (*See* ECF No. 9-2, pp. 41–46, 154–55, 159.)

In his Petition, Deeb argues that he is entitled to relief based on the following three grounds and supporting facts:

> **GROUND ONE:** Fourteenth Amendment - Due Process of Law
>
> **Supporting Facts**: Petition[er] was denied due process of law when the trial court and the court of appeals failed to follow its own pronouncement from the first appeal concerning the imposition of consecutive sentences.
>
> **GROUND TWO:** Sixth And Fourteenth Amendment
>
> **Supporting Facts**: Petitioner was denied his rights under the Sixth Amendment when the trial court based its re-sentencing on judicial factfinding none of which were alleged in the indictment nor admitted as part of any plea in the case.
>
> **GROUND THREE**: Fourteenth Amendment
>
> **Supporting Facts**: Petitioner was denied due process of law when a court, in imposing a consecutive sentence in a re-sentencing order by an appellate court, failed and refused to consider the current condition of petitioner.

---

[1] A thorough recitation of the factual and procedural background of Deeb's case can be found in the R & R. (*See* R & R 3–13.)

(Pet. 6, 8, 9.)

On February 9, 2018, Respondent Warden Kevin Jones ("Respondent") filed a Motion to Dismiss, arguing that Deeb's Petition is not cognizable for federal habeas review because it challenges consecutive sentencing, and nothing else. (*See* Mot. Dismiss, ECF No. 9.)

On March 2, 2018, Deeb filed his Opposition to the Motion to Dismiss. (ECF No. 10.) Although acknowledging that consecutive sentencing alone "may not present a federal constitutional issue in the context of this case," Deeb argued that "a constitutional issue is presented [due] to the [trial] court engaging in unconstitutional factfinding when petitioner did not so agree to the facts when he entered a plea in this case." (*See* Opp'n Mot. Dismiss 1.) Deeb went on to argue that consecutive sentencing was improper in his case and violated constitutional standards because: (1) there is a presumption in Ohio that sentences are to run concurrent; (2) the trial court engaged in improper judicial factfinding; and (3) the trial court did not consider his current condition when re-sentencing. (*See id*. at 9–20.) In addition, although not raised in his Petition, Deeb also argued that the sentence imposed by the trial judge violated the Eighth Amendment prohibition against cruel and unusual punishment because it was grossly disproportionate to his offense. (*See id.* at 16–17.)

On March 5, 2018, Respondent filed an "Objection to Petitioner's Traverse," arguing that Deeb's Opposition to the Motion to Dismiss was akin to a Traverse, and did not clearly contest Respondent's argument that a challenge to consecutive sentencing is not cognizable on federal habeas review. (*See* Obj. Pet.'s Traverse 2–3, ECF No. 11.) As a result, Respondent suggested that the court consider directing Deeb to amend his Petition so that Respondent could determine "just what is in issue and respond appropriately." (*See id*. at 3.)

On June 13, 2018, pursuant to Local Rule 72.2, Magistrate Judge Burke issued the R & R,

recommending that the court grant Respondent's Motion to Dismiss, and dismiss Deeb's Petition, because "a challenge to consecutive sentences does not implicate federal constitutional concerns" and, thus, does not present a claim that is cognizable on federal habeas review. (*See* R & R 14.) The Magistrate Judge also overruled Respondent's Objection to Petitioner's Traverse because, at that time, Deeb had not sought to amend or supplement his Petition. (*See id*. at 2.)[2] Further, contrary to Respondent's assertion, Deeb's Petition sets forth three grounds for relief with supporting facts, and his Opposition addressed whether his claim is cognizable on federal habeas review. (*See id*.)

Subsequently, Deeb filed his Objection to the R & R, arguing that it is contrary to law and equity, should not be affirmed, and, instead, this matter should proceed to an evidentiary hearing. (*See* Deeb's Obj. R &R 9, ECF No. 15.)[3] First, while acknowledging that Judge Burke's "rendition of the facts is largely correct," Deeb makes two factual distinctions: (1) neither Deeb's nor his trial counsel's signatures appear on the trial court's judgment entry and he maintains that he did not understand what transpired during that hearing; and (2) the *nunc pro tunc* judgment entry indicates that the trial judge advised Deeb during sentencing that the rape count carried a "mandatory sentence," and, according to the sentencing transcripts, the judge advised Deeb that only three (3) years of the six (6) years imposed would be mandatory. (*Id*. at. 4–5.)

Second, Deeb argues that Judge Burke erred by failing to cite to controlling provisions of

---

[2] After the R & R was issued, Deeb filed, through new counsel, Motions for Leave to Amend and Supplement Petition for Habeas Corpus Relief and to Expand the Record to Include Relevant Documents. (ECF No. 14.)

[3] Prior to his Objection, Deeb also filed a Notice of Withdrawal and Substitution of Counsel. (ECF No. 13-1.)

28 U.S.C. § 2254(b).[4] (*See* Deeb's Obj. R & R 5–6.) Third, Deeb argues that Judge Burke improperly "disregards" a majority of the arguments made in his Opposition by "focus[ing] solely on one statement contained in the [b]rief, to wit, 'Deeb states while that issue [challenging the consecutive sentence] alone, may not present a federal constitutional issue in the context of this case a constitutional issue is presented to the court...when he entered a plea in this case.'" (*See* Deeb's Obj. R & R 4.) Last, Deeb argues that the Magistrate Judge erred with respect to his Eighth Amendment claim because, for a person who "is autistic and suffers from intellectual disability…a sentence within the maximum penalties could indeed be considered cruel and unusual punishment," under *Atkins v. Virginia*, 536 U.S. 304 (2002). (*See* Deeb's Obj. R & R 8–9.)

At the time of his Objection, Deeb also filed a Motion for Leave to Amend and Supplement Petition for Habeas Corpus Relief and to Expand the Record to Include Relevant Documents. (Mot. Amend Pet. & Expand R., ECF No. 14.) In it, Deeb seeks to amend his Petition in light of the denial of his motion for judicial release in the Erie County Court of Common Pleas, on September 18, 2017, and the fact that his prior counsel "may have inadvertently limited the grounds

---

[4] Section 2254(b) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

for Deeb's Petition…to claims concerning consecutive sentencing and/or did not fully articulate Petitioner's claims with regard to his claim for habeas corpus relief." (*See id.* at 4.) Deeb contends that amendment is justified because "his claim as to issues related to his sentence and eligibility for judicial release were not ripe for review at the time of his filing of his initial Petition." (*See id.*)

Respondent objects to Deeb's Motion to Amend because the motion is "far too late." (Opp'n Mot. Leave Amend & Expand R. 1, ECF No. 16.) Alternatively, Respondent contends that any amendment would be futile because the motion does not present a cognizable constitutional issue for the court to review, and because nothing within the motion changes the outcome of Deeb's Petition in light of the R & R. (*See id.* at 1–2.)

### III. LAW AND ANALYSIS

#### A. Deeb's Motion to Amend and to Expand the Record

The court first addresses Deeb's Motion to Amend and to Expand the Record because it may have some bearing on the court's review of the Magistrate Judge's R & R.

The standard applied to a motion to amend in a habeas case is the same as that applied in any other civil case. *See Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998) (reviewing a district judge's denial of a motion to amend a federal habeas petition under Federal Rule of Civil Procedure 15(a) for abuse of discretion). Rule 15(a) provides that, outside of their initial amendment as of right, a plaintiff may amend his or her complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rules further state that "[t]he court should freely give leave when justice so requires." *Id.* To determine whether "justice so requires," the court must look at the substance of the proposed amendment. *See Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002). The decision whether to grant leave to amend is within the trial

court's sound discretion. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008). But, the court should deny leave to amend if it finds undue delay, lack of notice, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, futility, etc. *See Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Courts may find that proposed amendments are futile "if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Coe*, 161 F.3d at 341–42. Here, the court finds that amendment is not warranted because it is unduly delayed, would be unduly prejudicial to Respondent, and would be futile.

Although delay alone is not sufficient to deny a motion to amend, the delay in this case was substantial because Deeb waited until after the R & R recommending dismissal of his Petition on June 13, 2018, before filing his Motion for Leave, even though the basis for amendment ostensibly became ripe on September 5, 2017. *See* Coe, 161 F.3d at 342 (affirming district court's denial of motion to amend where "allowing amendment of the complaint [after plaintiff's delay] would have caused prejudice.") (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)); *see also* Proposed Am./Supplemental Pet. 1, ECF No. 14-1.). While it is true that Respondent initially requested that the court allow Deeb to amend his Petition in order to afford Respondent an adequate opportunity to respond to Deeb's Opposition prior to the issuance of the R & R, at that time, amendment was also not justified. As the Magistrate Judge noted: (1) Deeb did not request leave to amend; (2) Deeb's Petition plainly stated his grounds for relief with supporting facts; and (3) his Opposition to Respondent's Motion to Dismiss addressed the issue of cognizability raised in the Motion to Dismiss. (*See* R & R 2.) As a result, any amendment now would be unduly prejudicial to Respondent.

Finally, after review of Deeb's Amended/Supplemental Petition, the court also finds that

amendment would be futile because, as discussed in more detail in the court's review of the R & R, the Petition, even as amended, would not be able to withstand a motion to dismiss because it does not state a claim that is cognizable on federal habeas review. In substance, the only fact that the Amended/Supplemental Petition adds to the record is that the trial court denied Deeb's motion for judicial release on September 5, 2017. (*See* Proposed Am./Supplemental Pet. 1.) But, under Ohio law, the denial of a motion for judicial release is not considered a final, appealable order because it does not affect a "'substantial right,' which is defined as 'a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.'" *See State v. Williams*, Case No. 95359, 2011 WL 243702, at * 2 (Ohio Ct. App. Jan. 13, 2011) (internal quotations omitted). Moreover, as Deeb notes, there is no federal constitutional right to early judicial release. *See, e.g.*, *Love v. Ficano*, 19 F. Supp. 2d 754, 764 (E.D. Mich. 1998) (noting that "there is no federal constitutional right to release on parole. However, once a prisoner has been *granted* release on parole, a protected liberty interest is created which cannot be taken away without due process of law.") (citing *Morrissey v. Brewer*, 408 U.S. 471, 480–82 (1972)) (emphasis added). Thus, Deeb's attempt to challenge the denial of his motion for judicial release is not cognizable on habeas review.

Even if such a claim were cognizable, Deeb cannot show that the denial here was unreasonable or arbitrary. *See, e.g.*, *Love*, 19 F. Supp. 2d at 764 (explaining that, "[w]hile there is no absolute federal constitutional right to bail pending appeal, once a state makes provisions for such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably." (quoting *Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir. 1979))). The plea agreement indicates that the parties agreed to the recommended sentence of ten (10) years prison time with

three (3) years being mandatory, as the trial judge noted during sentencing. (*See* ECF No. 9-2, at p. 14; *see also* Sentencing Transcript 1–2, 11, ECF No. 3.) This agreement was consistent with the sentence imposed by the trial court as reflected in the judgment entry and the judgment entry *nunc pro tunc*, both of which indicated that three (3) of the six (6) years for the rape count "are mandatory in that defendant is not eligible for community control sanctions, judicial release or any form of early release pursuant to O.R.C. § 2929.13(F)(10)." (*See* ECF No. 9-2, at pp. 43–44, 47–49.) The fact that Deeb may now be *eligible* for judicial release, does not alter the total prison term he agreed to, nor does it limit the trial court's broad discretion in denying the motion on that basis. *See State v. Greene*, Case No. 02-CA-17, 2002 WL 1042298, at *1 (Ohio Ct. App. May 22, 2002) (noting that nothing within the statute authorizing judicial release "limit[s] a trial court's discretion with respect to denying a motion for judicial release."); *see also Bloss v. People of State of Mich.*, 421 F.2d 903, 906 (6th Cir. 1970) (explaining that "[t]he United States District Courts do not…sit as appellate courts to review the use or abuse of discretion of the state courts…in granting or withholding bail pending final appeal."). As a result, Deeb's attempt to amend his Petition to challenge the trial court's denial of his motion for judicial release would be futile. Accordingly, Deeb's Motion for Leave to Amend his Petition and Expand the Record is denied.

**B. Respondent's Motion to Dismiss**

After careful *de novo* review of the R & R, and all other relevant documents in the record, the court finds that the Magistrate Judge's R & R, recommending that the court grant Respondent's Motion to Dismiss is well-reasoned and correct. Moreover, the court finds that Deeb's objections to the R & R are without merit. Accordingly, the court adopts the R & R in its entirely, and denies Deeb's Objection.

First, the court notes that, to the extent that Deeb is attempting to challenge the voluntariness of his decision to withdraw his motion to withdraw his guilty plea, any such challenge was not properly raised in his Petition. Moreover, the court notes that the distinction that Deeb attempts to make regarding the *nunc pro tunc* judgment is one without a difference because neither Respondent nor Magistrate Judge Burke ever disputed that, as agreed to by the parties, three (3) of the six (6) years imposed by the trial court for the count of rape were mandatory i.e. non-probationable. (*See* Mot. Dismiss 8, 11; R & R 5; *see also* ECF No. 9-2, pp. 14, 43–44.)

Second, the fact that the Magistrate Judge did not cite to 28 U.S.C. § 2254(b)(1) is irrelevant to Deeb's claims. That section only describes the requirement that a habeas petitioner who is subject to a state conviction must fully exhaust their state court remedies before proceeding to federal court. Here, there is no dispute about whether Deeb exhausted his state court remedies.

Third, contrary to Deeb's assertion, the R & R specifically addressed, and properly rejected, the notion that a trial court's judicial factfinding before imposition of consecutive sentences is contrary to law. Deeb's discussion of *Oregon v. Ice*, 555 U.S. 160 (2009), mischaracterizes that case. (*See* Deeb's Obj. 7–8.) The Court in *Ice* only cited *Harris v. U.S.*, 536 U.S. 545, 557 (2002), for the fact that, in analyzing legislative enactments under the Sixth Amendment, the Court had previously considered "whether the finding of a particular fact was understood as within 'the domain of the jury…by those who framed the Bill of Rights.'" *Ice*, 555 U.S. at 168 (quoting *Harris*, 536 U.S. at 557 (holding that judicial factfinding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment), *overruled by Alleyne v. U.S.*, 570 U.S. 99, 102 (2012) (holding that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," and must be submitted to the jury). However, *Ice* went on

to hold that the Sixth Amendment was not offended by a state statutory scheme that required trial judges to find certain facts before determining whether a sentence will run consecutively or concurrently to other sentences, because that decision "is not within the jury function." *Id*. at 168. *Ice* remains good law, and is dispositive of Deeb's claim for relief. *See, e.g.*, *Setser v. U.S.*, 556 U.S. 231 (2012) (explaining that "[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings.") (citing *Ice*, 555 U.S. at 168–69); *see also Carrington v. Sloan*, Case No. 17-3709, 2018 WL 3244026, at *2 (6th Cir. Jan. 8, 2018) (finding that "[n]o reasonable jurist could disagree with the district court's determination that the [consecutive] sentencing claims raised…are not cognizable in a federal habeas corpus proceeding" because "they are based on alleged violations of state law regarding sentencing"); *Haller v. Warden*, Case No. 17-3342, 2017 WL 4764476, at *2 (6th Cir. Aug. 28, 2017) (finding that "[r]easonable jurists would not debate the district court's resolution of this claim because the Supreme Court has held that the decision to impose consecutive sentences is not a jury function." (citing *Ice*, 555 U.S. at 168)). Thus, the trial court's imposition of consecutive sentencing after finding certain facts related to that issue was not unconstitutional.

Moreover, as the Magistrate Judge noted, claims for errors of state law are not cognizable on habeas review. *See* R & R 16; *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (explaining that "federal habeas relief does not lie for errors of state law.") However, even if such a claim were cognizable, Deeb cannot demonstrate any due process violation here because the trial court's additional factfinding based on facts not alleged in the indictment, or admitted to by Deeb as part of his plea agreement, was not contrary to Ohio law. On federal habeas review, this court is

bound by a state court's interpretation of its own law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (noting that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.") (citing *Estelle*, 502 U.S. 62, 67–68 (1991); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)). Following his conviction and sentencing in state court, the Ohio Court of Appeals considered each of Deeb's arguments regarding what evidence the trial court could consider in reaching its consecutive sentencing decision, and squarely rejected his claims. (*See* ECF No. 9-3, pp. 139, 140–42.) Thus, because Deeb cannot demonstrate that the trial court failed to follow relevant state law, he cannot state a federal claim for denial of due process.

Finally, Magistrate Judge Burke correctly noted that Deeb's Eighth Amendment claim was not properly raised in his Petition and, thus, does not need to be considered. However, even if properly raised, Deeb would not be entitled to relief on this basis because he has not demonstrated how his sentence within the statutory range, to which he agreed, implicates any of the concerns that the Court considered in *Atkins*, 536 U.S. at 321 (holding that "death is not a suitable punishment for [an intellectually disabled] criminal.").

## IV. CONCLUSION

Accordingly, after careful *de novo* review of Magistrate Judge Burke's R & R and all other relevant documents in the record, the court finds that Judge Burke's conclusions are fully supported by the record and controlling case law. The court adopts Magistrate Judge Kathleen Burke's R & R (ECF No. 12) in its entirety and hereby dismisses Deeb's Petition for Writ of Habeas Corpus. (ECF No. 1.) The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate

of appealability. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 2, 2018